No. 25-1411

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Angela Kendall,
Plaintiff-Appellant

vs.

Zoltek Corporation
Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Missouri (St. Louis)
Case No. 4:22-cv-01119-JAR
The Honorable John A. Ross, United States District Judge

## BRIEF OF THE APPELLANT

Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

## <u>Summary of the Case</u>

Angela Kendall worked for Zoltek Corporation as a Production Operator. After sustaining a back injury, she requested a medical accommodation allowing her to sit during her shifts and to avoid certain machines. Zoltek granted the accommodation and allowed her to work in that manner for several months. Her performance remained strong, and at an October 6, 2021 meeting, Zoltek management admitted that "performance was not an issue." But in that same meeting, the company also stated that continuing the accommodation would be "bad for morale," and suggested they would have granted it if her injury was work related. Zoltek then placed her on leave and ultimately terminated her employment.

Kendall sued under the Americans with Disabilities Act and Title VII of the Civil Rights Act. She alleged that Zoltek discriminated against her by revoking her accommodation in violation of the ADA, and by treating her less favorably than a similarly situated male coworker, Tyrone Brooks, who was allowed to sit while working. She supported her claims with affidavits from coworkers and retired Missouri State Circuit Judge Evelyn Baker, who attended the October 6 meeting and confirmed that Zoltek admitted Brooks was granted accommodations.

The district court granted summary judgment to Zoltek, holding that Kendall was not a qualified individual under the ADA and therefore could not pursue either claim. This appeal followed. Appellants request a ten minute oral argument.

ii

# TABLE OF CONTENTS

Summary of Case ………………………………………………………… ii

Table of Contents ……………………………………………………….. iii

Table of Authorities …………………………………………………... iv

Jurisdictional Statement…………………………………………………. 1

Statement of the Issues …………………………………………………… 2

Statement of the Case…………………………………………………… 3

Summary of the Argument …………………………………………... 7

Argument ……………………………………………………………….. 9

Standard of Review ……………………………………………………….. 9

    I.      The District Court Erred in Dismissing Plaintiff's ADA Claim because she is a Qualified Individual and there is Direct Evidence of Discrimination ………………………………………………… 10

    II.    The District Court Erred in Granting Summary Judgment on Plaintiff's Title VII Sex Discrimination Claim Because She Presented Evidence That a Similarly Situated Male Employee Was Treated More Favorably………………………………………………….. 15

Conclusion …………………………………………………………… 17

Certificate of Compliance ……………………………………………….. 19

Certificate of Service ……………………………………………………… 20

Appellate Case: 25-1411    Page: 3    Date Filed: 07/10/2025 Entry ID: 5535804

# **TABLE OF AUTHORITIES**

**Cases:**

*Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248–49 (1986) …………………………………………………. 9

*Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)) ……………………….. 10

*Griffith v. City of Des Moines*,

387 F.3d 733, 736 (8th Cir. 2004)……………………………………………….. 11

*Hartnagel v. Norman*,

953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex*, 477 U.S. at 323)…………… 10

*Johnson v. Crooks*,

326 F.3d 995, 1005 (8th Cir. 2003) …………………………………………. 9

*Kammueller v. Loomis, Fargo & Co.*,

383 F.3d 779, 784 (8th Cir. 2004)……………………………………………… 9

*Lipp v. Cargill Meat Sols. Corp.*,

911 F.3d 537, 543 (8th Cir. 2018)……………………………………………. 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986) …………………………………………………. 9

*Radabaugh v. Zip Feed Mills, Inc.*,

997 F.2d 444, 449 (8th Cir. 1993) ……………………………………………… 11

*Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*,

444 F.3d 961, 966 (8th Cir. 2006) ……………………………………………… 11

Appellate Case: 25-1411   Page: 4   Date Filed: 07/10/2025 Entry ID: 5535804

*Torgerson v. City of Rochester*,

643 F.3d 1031, 1046 (8th Cir. 2011) …………………………………………….15

*Woods v. DaimlerChrysler Corp.*,

409 F.3d 984, 990 (8th Cir. 2005) ………………………………………... 9

*Young v. Warner-Jenkinson Co.*,

152 F.3d 1018, 1022 (8th Cir. 1998)……………………………………… 10

**Statutes:**

28 U.S.C. § 1331 …………………………………………………………………1

42 U.S.C. § 12101 et seq …………………………………………………………1

42 U.S.C. § 2000e et seq……………………………………………………..1

42 U.S.C. § 12112(a) ………………………………………………… 10

42 U.S.C. § 12111(8) ………………………………………………… 10

42 U.S.C. § 12112(a)-(b)(1) ……………………………………….. 10

v

# <u>JURISDICTIONAL STATEMENT</u>

The district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff-Appellant Angela Kendall asserted claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The district court entered final judgment disposing of all claims on January 27, 2025. Plaintiff filed a timely notice of appeal on February 26, 2025. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

Appellate Case: 25-1411     Page: 6     Date Filed: 07/10/2025 Entry ID: 5535804

**<u>STATEMENT OF THE ISSUES</u>**

1.      Whether the district court erred in granting summary judgment on Angela Kendall's failure-to-accommodate claim under the Americans with Disabilities Act (ADA) by finding that she was not a "qualified individual" under the law because she could not perform the essential duties of her job, where Kendall presented evidence that she could perform the essential functions of her job with reasonable accommodations and also provided direct evidence of Zoltek's discriminatory intent.

*Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537 (8th Cir. 2018)

*Young v. Warner-Jenkinson Co.*, 152 F.3d 1018 (8th Cir. 1998)

2.      Whether the district court erred in granting summary judgment on Kendall's sex discrimination claim under Title VII, where evidence showed that a similarly situated male employee was permitted the same accommodations that were denied to Kendall.

*Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)

Appellate Case: 25-1411      Page: 7      Date Filed: 07/10/2025 Entry ID: 5535804

Angela Kendall began working for Zoltek Corporation in December 2018, first as a temporary Production Operator and later as a full-time employee in March 2019. App. 45; R. Doc. 48 at 2. Production Operators at Zoltek worked 12-hour shifts operating machinery to process carbon fiber. App. 58-59; R. Doc. 48-1.

On April 27, 2021, Kendall slipped on the production floor and injured her back, prompting a visit to the emergency room and a diagnosis of back spasms and sciatica. App. 184-187; R. Doc. 48-4 at 1-4. She initially returned to work with no restrictions, but after continued symptoms, her doctor issued a note on June 23, 2021, recommending "sitting time secondarily" during her shifts. App. 191; R. Doc 48-7. Zoltek allowed Kendall to sit as needed for several months. On September 17, 2021, her nurse practitioner issued another note clarifying that she could sit to perform her job duties but could not crawl under equipment. App. 193; R. Doc. 48-9. These accommodations—being permitted to sit as needed and being excused from crawling or getting under machinery—allowed her to continue performing her job successfully throughout the summer and early fall of 2021.

On October 6, 2021, Zoltek held a meeting with Kendall to discuss her restrictions. App. 312-313; R. Doc 58-4. Present at the meeting were multiple members of Zoltek management, including HR representatives, supervisors, and Plant Manager Dawn Pagano. *Id.* Kendall was accompanied by her friend, retired

Appellate Case: 25-1411     Page: 8     Date Filed: 07/10/2025 Entry ID: 5535804

Missouri Circuit Judge Evelyn Baker, the state's first African American female judge and a former NLRB attorney. App. 308-311. R. Doc 58-3. Three independent sources—Kendall's testimony, Judge Baker's affidavit, and Zoltek's own handwritten meeting notes—confirmed that Zoltek admitted Kendall's job performance was not at issue. App. 312-313; R. Doc 58-4; App. 308-311. R. Doc 58-3. According to Zoltek's meeting notes, Pagano stated, "Her restrictions are not inhibiting job performance … performance is not in question. It is the policy, we have to enforce the policy" App. 312-313; R. Doc 58-4 at 1.

According to both Kendall and Judge Baker, Zoltek also stated during the meeting that allowing Kendall to sit was "bad for morale." App. 308-311. R. Doc 58-3 at 3. Zoltek's own notes are in line with this admission this with the remark "we have to enforce the policy," despite earlier accommodations and the acknowledgment that Kendall could perform her duties App. 312-313; R. Doc 58-4 at 1. Zoltek further stated in its notes that "if it is work related, we will accommodate – per DP," referring to Plant Manager Pagano *id.* at 3.

At that same meeting, Kendall raised the issue of disparate treatment, pointing to a male employee, Tyrone Brooks, who had performed the same job for years while sitting during his shifts. Kendall and Judge Baker both testified that Zoltek acknowledged Brooks was allowed to sit *id*. Two additional employees, Gerald Squalls and Jamil Jackson, submitted affidavits confirming they regularly saw

4

Brooks sitting while working. App. 314-316; R. Doc 58-5; App. 317-318. R. Doc 58-6. Notably, Brooks himself did not deny sitting, but only stated that he sat "occasionally" App. 236-238; R. Doc 48-23.

Following the October 6 meeting, Zoltek placed Kendall on medical leave. Her doctor issued a note on October 14, 2021, stating that her restrictions—including the ability to sit as needed and avoid crawling—were permanent and would need to be renewed annually App. 196; R. Doc. 48-11. Kendall never returned to work.

On January 7, 2022, Zoltek issued a formal termination letter citing her inability to return to work and perform the essential functions of the job, despite having previously stated that her performance was not in question when accommodations were provided. App 214-215; R. Doc. 48-15.

**Procedural History**

On December 1, 2021, Kendall filed a Charge of Discrimination with the Missouri Commission on Human Rights, cross-filed with the EEOC, explicitly stating that she believed she had been discharged due to her disability. App. 217-218; R. Doc 48-16. On October 24, 2022, Kendall filed suit in the United States District Court for the Eastern District of Missouri, alleging (1) failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; (2) sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; and (3) retaliation under the ADA. App. 001; R. Doc. 1. The district

5

Appellate Case: 25-1411    Page: 10    Date Filed: 07/10/2025 Entry ID: 5535804

court granted summary judgment in favor of Zoltek on all claims. App. 395-407; R.

Doc. 69.  This appeal followed.

6

Appellate Case: 25-1411     Page: 11     Date Filed: 07/10/2025 Entry ID: 5535804

<u>**SUMMARY OF ARGUMENT**</u>

The district court erred in granting summary judgment on Angela Kendall's ADA and Title VII claims. It concluded that she was not a qualified individual under the ADA, but the record shows otherwise. Kendall successfully performed her duties for several months while using a stool to sit—an accommodation approved by her physician and allowed by Zoltek. During an internal meeting on October 6, 2021, Zoltek's own Plant Manager stated that "performance was not an issue," undermining any claim that Kendall could not do her job with reasonable accommodation.

The same meeting revealed direct evidence of discriminatory intent. Zoltek stated it could not continue accommodating Kendall because doing so would be "bad for morale"—an impermissible rationale rooted in discomfort with disability accommodations. Notes from the meeting also reflect that Zoltek considered whether her injury was work-related in evaluating whether to provide an accommodation. That distinction has no basis in the ADA and further supports an inference of discriminatory motive.

The district court also dismissed Kendall's Title VII sex discrimination claim without reaching its merits, based solely on the erroneous conclusion that she was unqualified. Yet Kendall presented compelling evidence that a similarly situated male employee, Tyrone Brooks, was allowed to sit while working. Her testimony

7

was corroborated by two coworkers and retired Circuit Judge Evelyn Baker, who witnessed Zoltek management acknowledge Brooks' accommodation during the October 6 meeting.

Because Kendall demonstrated that she was qualified, that Zoltek acted with discriminatory intent, and that a male coworker received more favorable treatment, her claims should have been submitted to a jury. The district court's judgment should be reversed.

Appellate Case: 25-1411     Page: 13     Date Filed: 07/10/2025 Entry ID: 5535804

**ARGUMENT**

**STANDARD OF REVIEW**

This Court reviews a district court's grant of summary judgment de novo. Summary judgment must be reversed if there exists a genuine issue of material fact that might affect the outcome of the case under the governing law. *Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003). Reversal is also warranted when "a reasonable jury could return a verdict for the nonmoving party" on a material issue. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).

A factual dispute is "genuine" if it is backed by "sufficient evidence supporting the claimed factual dispute" to require a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In determining whether such a dispute exists, courts must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Importantly, the court does not weigh the evidence or assess witness credibility at summary judgment. Rather, "the court's function is to determine whether a dispute about a material fact is genuine." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," show no

9

genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). The moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex*, 477 U.S. at 323).

## I. The District Court Erred in Dismissing Plaintiff's ADA Claim because she is a Qualified Individual and there is Direct Evidence of Discrimination

The Americans with Disabilities Act prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). A "qualified individual" is a person "who, with or without reasonable accommodation, can perform the essential functions" of her job. 42 U.S.C. § 12111(8). Discrimination includes both intentional disparate treatment because of disability, see 42 U.S.C. § 12112(a)-(b)(1), and the failure to make reasonable accommodations to known physical limitations of an otherwise qualified employee, unless doing so would impose an undue hardship. 42 U.S.C. § 12112(b)(5); *Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 543 (8th Cir. 2018); *Young v. Warner-Jenkinson Co.*, 152 F.3d 1018, 1022 (8th Cir. 1998).

Appellate Case: 25-1411    Page: 15    Date Filed: 07/10/2025 Entry ID: 5535804

The Eighth Circuit has "long recognized" that a plaintiff may prove intentional discrimination under the ADA using either direct or indirect evidence. *Lipp*, 911 F.3d at 543 (citing *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004)). "Direct evidence includes 'evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude,' where it is sufficient to support an inference that discriminatory attitude more likely than not was a motivating factor." *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 966 (8th Cir. 2006) (quoting *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993)).

## A. Plaintiff Was a Qualified Individual Under the ADA.

Ms. Kendall was a qualified individual because she was capable of performing the essential duties of her position as a Production Operator with reasonable accommodation. For months in 2021, Zoltek allowed her to sit during her 12-hour shifts in accordance with her doctor's note. During this time, there were no complaints about her work. Indeed, at the October 6, 2021 meeting—attended by Plant Manager Dawn Pagano, Human Resources personnel, and retired Missouri State Circuit Judge Evelyn Baker (present as a personal friend of Ms. Kendall)— Zoltek's leadership explicitly stated that "performance is not an issue." App. 312-313; R. Doc 58-4; App. 308-311. R. Doc 58-3. That acknowledgment fatally

11

undermines Zoltek's assertion that Plaintiff could not perform the essential functions of the job.

Moreover, the company's own conduct confirms that Kendall could perform her duties. She was allowed to sit as needed for several months, and her supervisors continued to assign her work. Her ability to perform the job was not speculative; it was demonstrated by her actual performance with accommodation.

Zoltek's argument that allowing Plaintiff to sit would eliminate an essential function is contradicted by its own past practices. Other employees, including Tyrone Brooks, were permitted to sit during their shifts. While the district court dismissed this as "anecdotal testimony," Ms. Kendall's account was corroborated by sworn affidavits from two coworkers and from Judge Baker, who witnessed a discussion during the October 6 meeting in which it was acknowledged that Brooks had been allowed to sit. App. 314-315; R. Doc 58-5; App. 317-318; R. Doc 58-7; App. 308-311; R. Doc 58-3. Even Brooks' own affidavit—self-servingly prepared by Zoltek's counsel—admits he sits "occasionally." App. 236-237; R. Doc 48-23. This conflicting testimony is for a jury to resolve. It cannot be brushed aside on summary judgment.[1]

---

[1] Plaintiff sought videos of the production floor in discovery that were expected to show workers sitting throughout their shift, however Defendants claim they no longer have any footage. App 324; R. Doc 58-7at 6. Given the charge of discrimination was timely filed, Defendants should have preserved this footage. Their failure to do is telling and adds to the questions of fact.

12

Appellate Case: 25-1411     Page: 17     Date Filed: 07/10/2025 Entry ID: 5535804

Moreover, Judge Baker's background makes her an especially credible witness. She is a retired Missouri circuit court judge and a former attorney for the National Labor Relations Board. It is extremely likely that a jury would find her testimony highly credible. Given her direct involvement in the October 6 meeting and her professional background, her sworn affidavit adds powerful corroboration to Plaintiff's version of events.

The ADA does not allow employers to deny accommodations based on arbitrary or inconsistent standards. The fact that Zoltek permitted Ms. Kendall to perform her job with accommodations for months—and that it allowed other employees to sit during work—defeats the notion that sitting was inherently incompatible with the essential functions of the job.

## B. Direct Evidence of Discriminatory Intent Precludes Summary Judgment.

In addition to being qualified, Ms. Kendall presented direct evidence of discriminatory motive sufficient to preclude summary judgment.

At the October 6, 2021 meeting, Zoltek explained that it could not accommodate Ms. Kendall's restrictions because allowing her to sit was "bad for morale." App. 308-311; R. Doc 58-3 at 3. It is textbook direct evidence of discrimination. What about allowing a disabled worker to sit would be "bad for morale"? The only plausible reading is that management believed other employees

Appellate Case: 25-1411    Page: 18    Date Filed: 07/10/2025 Entry ID: 5535804

would resent seeing someone with a visible disability receive accommodation. That type of reasoning is not only inappropriate—it is precisely the kind of stigma the ADA was enacted to combat.

Compounding the discriminatory rationale, the meeting notes reflect that Plant Manager Dawn Pagano stated that Zoltek would have been willing to accommodate Ms. Kendall if they believed her injury occurred at work. App. 312-313; R. Doc 58-4 at 2. That distinction is both irrelevant and unlawful. The ADA requires employers to assess whether the employee can perform the job with reasonable accommodation, not whether the source of the disability is sufficiently sympathetic. 42 U.S.C. § 12112(a). Zoltek's rationale makes clear that its decision was not based on job requirements, but on subjective judgments about whose disabilities are "worthy" of accommodation.

Taken together, these admissions constitute direct evidence of discriminatory motive. They were not denied or rebutted by any affidavit or deposition testimony from Zoltek's decisionmakers. The statements are contemporaneous, documented, and confirm that the denial of accommodations was not based on business necessity but on impermissible considerations about optics and perceived fairness. That is not a defense—it is discrimination.

Because Plaintiff was a qualified individual under the ADA, and because there is direct evidence of discriminatory motive for the denial of accommodation, the

14

district court erred in granting summary judgment. This case should be presented to a jury.

## II. The District Court Erred in Granting Summary Judgment on Plaintiff's Title VII Sex Discrimination Claim Because She Presented Evidence That a Similarly Situated Male Employee Was Treated More Favorably.

Claims of intentional discrimination under Title VII are analyzed using the McDonnell Douglas burden-shifting framework. To establish a prima facie case, a plaintiff must show that (1) she is a member of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011) (en banc). If the plaintiff establishes her prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. The burden then shifts back to the plaintiff to show that the employer's stated reason is pretext for discrimination. *Id.*

The district court never reached the second or third stages of this analysis because it concluded that Ms. Kendall failed to show she was qualified for her position and therefore could not make a prima facie case under the ADA or Title VII. App. 403; R. Doc. 69 at 9. But as discussed above, that conclusion was incorrect. Ms. Kendall worked for months with the accommodation of being allowed to sit,

15

Appellate Case: 25-1411    Page: 20    Date Filed: 07/10/2025 Entry ID: 5535804

and Zoltek's own managers admitted during an October 6 meeting that her "performance was not an issue" App. 312-313; R. Doc 58-4 at 1. With that threshold question resolved, the Court must examine whether there is evidence that similarly situated male employees were treated more favorably.

There is. Ms. Kendall presented evidence that a male Production Operator, Tyrone Brooks, was permitted to sit while working without facing the scrutiny or denial she received. Ms. Kendall testified that Brooks told her he was allowed to sit without a doctor's note. Her account was corroborated by two coworkers. Gerald Squalls testified by affidavit that he saw Mr. Brooks sitting regularly while working on the line, App. 317-318; R. Doc 58-6, and Jamil Jackson, a member of the training department, confirmed in his affidavit that Brooks often sat while working. App. 314-316; R. Doc. 58-5. Retired Circuit Judge Evelyn Baker, who attended the October 6 meeting as Ms. Kendall's guest, further confirmed that Zoltek management acknowledged during that meeting that Mr. Brooks was allowed to sit due to a disability App. 308-311; R. Doc 58-3.

This record evidence creates a genuine dispute of material fact as to whether Zoltek treated a similarly situated male employee more favorably than Ms. Kendall. Although the district court referenced the comparator issue, it never analyzed it because it concluded that Ms. Kendall was not a qualified employee. Having established her qualification, Ms. Kendall is entitled to have a jury determine

16

Appellate Case: 25-1411     Page: 21     Date Filed: 07/10/2025 Entry ID: 5535804

whether the difference in treatment was motivated by sex-based animus. The credibility of her witnesses makes summary judgment especially inappropriate. As such, the district court's ruling should be reversed.

## CONCLUSION

For the reasons set forth above, the district court erred in granting summary judgment. Angela Kendall was a qualified individual under the ADA who successfully performed her job duties while sitting—a fact Zoltek internally acknowledged when it stated her performance "was not an issue." The company's refusal to continue her accommodation was based on impermissible motives, including a concern that accommodating a disabled worker would be "bad for morale." That is direct evidence of discrimination.

Kendall also presented sufficient evidence to support her Title VII sex discrimination claim. A similarly situated male employee, Tyrone Brooks, was permitted to sit while working. Kendall's testimony was corroborated by two coworkers and retired Circuit Judge Evelyn Baker, who personally witnessed Zoltek's acknowledgment of Brooks' accommodations. These facts present genuine issues of material fact that must be resolved by a jury.

The district court's decision should be reversed and the case be remanded to the district court for trial.

17

Respectfully Submitted,

/s/Michael Gras
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

18

Appellate Case: 25-1411    Page: 23    Date Filed: 07/10/2025 Entry ID: 5535804

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing brief complies with Fed. R. App. P. 32(a)(7)(B). Excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this brief contains 4112 words. This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14 point font. The undersigned further certifies that the brief and addendum have been scanned for viruses and are virus-free.

Respectfully Submitted,

/s/Michael Gras_____
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

Appellate Case: 25-1411    Page: 24    Date Filed: 07/10/2025 Entry ID: 5535804

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2025, I electronically filed the foregoing brief with

the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit

by using the CM/ECF system.

Respectfully Submitted,

/s/Michael Gras_____
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

20

Appellate Case: 25-1411    Page: 25    Date Filed: 07/10/2025 Entry ID: 5535804