No. 25-1411

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**


Angela Kendall,
Plaintiff-Appellant


vs.


Zoltek Corporation
Defendant-Appellee


Appeal from the United States District Court
for the Eastern District of Missouri (St. Louis)
Case No. 4:22-cv-01119-JAR
The Honorable John A. Ross, United States District Judge


**REPLY BRIEF OF THE APPELLANT**

Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com


ATTORNEY FOR APPELLANT

# **<u>TABLE OF CONTENTS</u>**

Table of Contents ……………………………………………………………… ii

Table of Authorities …………………………………………………………… iii

Argument ……………………………………………………………………… 1

    I.      Appellee Applies the Wrong Summary-Judgment Standard in Arguing that Appellant's Evidence Is Inadmissible…………………………….. 2

    II.     Kendall Was a Qualified Individual Under the ADA………………… 4

    III.    The Sex-Discrimination Claim and Comparator Evidence Present Jury Questions…………………………………………………………….. 6

Conclusion ……………………………………………………………………… 7

Certificate of Compliance ……………………………………………………….. 9

Certificate of Service …………………………………………………………… 10

Appellate Case: 25-1411    Page: 2    Date Filed: 11/19/2025 Entry ID: 5579804

# <u>TABLE OF AUTHORITIES</u>

**Cases:**

*Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) ………………… 2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)…………………………….. 3

*Jennings v. Stephens*, 574 U.S. 271, 276–77 (2015) ………………………… 3

**Statutes:**

Fed. R. Civ. P. 56(c)(2) …………………………………………………… 2

Fed Rules Evid R 801 …………………………………………………….. 3

Appellate Case: 25-1411    Page: 3    Date Filed: 11/19/2025 Entry ID: 5579804

# ARGUMENT

**Introduction**

The district court erred in granting summary judgment to Zoltek by resolving factual disputes that must be decided by a jury. Kendall presented evidence that she performed her job successfully for months with reasonable accommodations, that the employer's stated reasons for denying those accommodations shifted, and that a male employee performing comparable work was treated more favorably. Rather than crediting this evidence as Rule 56 requires, the district court accepted Zoltek's characterizations of the record and disregarded evidence that would be admissible at trial.

First, Zoltek's effort to exclude key testimony rests on a misunderstanding of the summary-judgment standard. Evidence need not be presented in admissible form at this stage, and much of what Appellee challenges—including the Jackson affidavit—is properly before the Court. When the full record is considered, there is ample evidence creating genuine disputes of material fact.

Second, Kendall introduced substantial evidence that she was a qualified individual under the ADA. She performed her job for months while sitting when needed and working on machines that allowed her to meet all physical requirements. Whether those accommodations were reasonable and whether some of these activities were truly essential functions are fact questions for a jury.

1

Third, Kendall also offered evidence supporting her sex-discrimination claim under Title VII. A jury could conclude that a male employee performing similar work was permitted accommodations that Kendall sought, and that the distinctions Zoltek draws now are factual matters that cannot be resolved at summary judgment.

In short, Appellee's arguments rely on ignoring evidence, weighing credibility, and drawing inferences in its favor. The summary-judgment standard prohibits all three. Because the record contains more than enough evidence for a reasonable jury to rule in Kendall's favor, the judgment should be reversed and the case remanded for trial.

## I. Appellee Applies the Wrong Summary-Judgment Standard in Arguing that Appellant's Evidence Is Inadmissible.

Appellee's evidentiary arguments rest on a misunderstanding of Rule 56. Under Rule 56(c)(2), a party may object if cited material "cannot be presented in a form that would be admissible in evidence"—a standard that confirms the evidence need not be admissible now, only capable of being presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2). This Court has held at summary judgment, evidence "need not be submitted in a form admissible at trial," so long as it "may be presented in admissible form at trial." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). That rule is well-settled. The Supreme Court has likewise made clear that

2

summary judgment may be defeated with materials "not in a form admissible at trial," if the underlying facts can be proved at trial through admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Under this standard, the affidavits and testimony Appellee seeks to exclude—including the statements of Judge Baker, Squalls, and Kendall herself—are proper summary-judgment materials. Each witness can testify at trial and the testimony is fully reducible to admissible form. To the extent Appellee labels these statements as "hearsay" is not a basis for exclusion.

Many of the statements Appellee disputes are not hearsay at all. Statements by Zoltek's own supervisors at the October 6 meeting—including that Kendall's sitting accommodation was "bad for morale"—are classic party-opponent admissions under Rule 801(d)(2). They are not only admissible at trial; they are substantive evidence of discriminatory motive that cannot be disregarded.

Appellee's renewed challenge to the Jackson affidavit fares no better. The district court denied Appellee's motion to strike that affidavit, and Appellee did not appeal or cross-appeal that ruling. App. 400; R. Doc. 69 p. 6. Because that issue is not properly before this Court, the Jackson affidavit stands as part of the summary-judgment record. See *Jennings v. Stephens*, 574 U.S. 271, 276–77 (2015) (a party must file a cross-appeal to enlarge its rights under the judgment). Appellee cannot use a response brief to obtain review of a ruling it declined to challenge.

3

Once the record is viewed under the proper Rule 56 standard, and without relitigating issues Appellee abandoned below, the evidence creates ample factual disputes that preclude summary judgment.

## II. Kendall Was a Qualified Individual Under the ADA

Appellee's central argument—that Kendall was not a qualified individual because she allegedly could not perform the essential functions of her position—cannot be resolved as a matter of law. The question of whether an employee can perform essential job functions with a reasonable accommodation is a classic fact issue, and the record contains ample evidence from which a reasonable jury could conclude that Kendall met this standard.

Most importantly, the undisputed evidence shows that Kendall successfully performed her job for months while receiving the very accommodations she later requested: the ability to sit and work on machines that allowed her to complete all required tasks without violating her restrictions. Zoltek maintained these accommodations throughout the summer, never documented any decline in performance or productivity, and conceded during a meeting that her "performance was not an issue." This alone creates a genuine issue of material fact. When an employer has already demonstrated that an accommodation works in practice, a jury is entitled to conclude that the employee is qualified.

4

The fact that Kendall worked on specific machines that allowed her to meet all physical demands reinforces this point. The record reflects that Zoltek had workstations available and had successfully assigned her to machines compatible with her restrictions. Whether continuing to place her on those machines would have been reasonable is a textbook jury question, not an issue a court may resolve on summary judgment.

Appellee urges the Court to accept its assertion that constant standing was an essential function, but that characterization is contradicted by the company's own conduct. An employer cannot declare an accommodation "unreasonable" after having implemented it for months without incident. Nor may it rely on generalized statements about "standing" or "physical demands" when the evidence shows the employee performed the same tasks using machines and methods that accommodated her restrictions. Whether these accommodations eliminated essential functions or simply modified the manner of performing them is again a factual issue for the jury. At this stage, the evidence in the record easily satisfies the minimal burden required to survive summary judgment.

The record also contains direct evidence that the decision was motivated by considerations unrelated to essential job functions. Decisionmakers stated that allowing Kendall to sit was "bad for morale" and suggested accommodation might be available if injury was work-related. These explanations are inconsistent with the

5

assertion that standing was non-negotiable. A jury could reasonably conclude that these statements reveal the true motivation for the termination and cast further doubt on Appellee's claimed reliance on essential functions.

In sum, the evidence that Kendall was a qualified individual is substantial, and Appellee's contrary arguments rely on credibility determinations, selective interpretations, and litigation-driven explanations. Those disputes must be resolved by a jury, not by summary judgment.

## III. The Sex-Discrimination Claim and Comparator Evidence Present Jury Questions.

Appellee's argument that Kendall cannot prevail on her Title VII claim because Tyrone Brooks is not a proper comparator again asks this Court to resolve factual disputes that belong to a jury. Whether Brooks is similarly situated, and whether he was treated more favorably, are classic fact questions, not issues that can be decided as a matter of law on this record.

Kendall presented evidence that a male employee performing the same job was permitted to sit while working. Appellee disputes the extent and circumstances of that sitting, and offers various distinctions. Those are precisely the kinds of factual nuances—how often sitting occurred, under what conditions—that a jury must

6

weigh. At the summary-judgment stage, the Court must view Kendall's evidence in the light most favorable to her and draw reasonable inferences in her favor.

Under that standard, a reasonable jury could conclude that a male employee in a comparable role was allowed to perform the job from a seated position while Kendall was denied the same flexibility. That is enough to support the comparator element of her prima facie sex-discrimination claim and to allow a jury to decide whether sex played a role in the denial of accommodation and termination. Summary judgment on the Title VII claim was therefore improper.

## Conclusion

Appellee's arguments rest on an incorrect summary-judgment standard and an attempt to exclude or minimize evidence that a jury is entitled to credit. When the proper Rule 56 standard is applied, the record contains ample evidence that Kendall was a qualified individual who could perform the essential functions of her job with reasonable accommodation, as demonstrated by months of successful performance. The evidence also supports that a male employee received more favorable treatment in comparable circumstances, and that Zoltek's stated reasons for its decision were inconsistent with its conduct and its contemporaneous explanations.

These disputes—over what the job required, how the accommodation functioned, what witnesses observed, and why the company acted—are classic

7

Appellate Case: 25-1411    Page: 10    Date Filed: 11/19/2025 Entry ID: 5579804

issues for a jury to resolve. Because genuine issues of material fact exist on both the ADA and Title VII claims, the district court's entry of summary judgment was improper.

For these reasons, Appellant respectfully requests that this Court reverse the judgment of the district court and remand the case for trial.

Respectfully Submitted,

/s/Michael Gras_____
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

8

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with Fed. R. App. P. 32(a)(7)(B). Excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), this brief contains 1544 words. This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14 point font. The undersigned further certifies that the brief and addendum have been scanned for viruses and are virus-free.

Respectfully Submitted,

/s/Michael Gras_____
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

9

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

Respectfully Submitted,

/s/Michael Gras_____
Michael J. Gras, MO64302
Law Office of Michael J. Gras, LLC
4818 Washington Blvd.
St. Louis, MO 63108
Telephone: 314-497-8373
Email: grasmj@lawmjg.com

ATTORNEY FOR APPELLANT

10

Appellate Case: 25-1411    Page: 13    Date Filed: 11/19/2025 Entry ID: 5579804